1

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

UNITED STATES OF AMERICA        *
                                *
                                *
VS.                             * CRIMINAL ACTION NO. W-18-CR-144
                                *
DREW AVERY LUNA                 *     December 11, 2018

BEFORE THE HONORABLE ALAN D ALBRIGHT, JUDGE PRESIDING
SENTENCING PROCEEDINGS

APPEARANCES:

For the Government:        Christopher Blanton, Esq.
                           Assistant United States Attorney
                           PO Box 828
                           Waco, Texas 76701

For the Defendant:         Gregory K. Simmons, Esq.
                           100 E. Avenue C, Suite C
                           Killeen, Texas 76541

Court Reporter:            Kristie M. Davis
                           United States District Court
                           800 Franklin Ave, Ste 316
                           Waco, Texas 76701


     Proceedings recorded by mechanical stenography, transcript

produced by computer-aided transcription.

(December 11, 2018, 10:47 a.m.)

DEPUTY CLERK:  Sentencing proceeding in Criminal Action W-18-CR-144, Defendant No. 1, styled United States of America vs. Drew Avery Luna.

MR. BLANTON:  Chris Blanton on behalf of the United States Government.  Ready.

MR. SIMMONS:  Good morning, Your Honor.  Greg Simmons for Mr. Luna.

THE COURT:  Welcome back.

MR. SIMMONS:  Thank you.

(Defendant was sworn.)

THE COURT:  I want to note for the record that I have received a letter from a Domingo Luna, Sr.

Is that your father?

THE DEFENDANT:  That's my grandfather.

THE COURT:  Grandfather.  Okay.  The grandson.  Yes. That's right.

Mr. Luna, how old are you, sir?

THE DEFENDANT:  23 years young.

THE COURT:  Mr. Luna, have you had an adequate amount of time to meet with Mr. Simmons and prepare for this hearing today?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you need any additional time before I move forward with the sentencing?

THE DEFENDANT:  No, sir.

THE COURT:  Do you know of any reason why we should not proceed with the sentencing at this time?

THE DEFENDANT:  No, sir.

THE COURT:  Do either counsel have any legal reason why we shouldn't proceed at this time?

MR. SIMMONS:  No, Your Honor.

MR. BLANTON:  No, Your Honor.

THE COURT:  Mr. Luna, I have been provided with a presentence investigation report.  It contains a number of factual allegations and your criminal history and other information.  Is there anything in this that you wish to dispute at this time that we need to resolve?  I know there are no objections, but I want to -- just want to make sure that if there's anything we need to resolve factually about what I'm considering in my desire to -- in my goal of sentencing you, now's the time to let me know.

THE DEFENDANT:  No, sir.

THE COURT:  Okay.  Then I'm going to find that I have reviewed the presentence investigation report prepared by the United States probation officer.  I've reviewed the elements of 18 United States Code Section 3553.  I find the report to be accurate and correct.  I adopt the report and the application of the United States sentencing guidelines as shown in the report.

Mr. Luna, your total offense level is a 12.  Your criminal history category, which I find, I'll put on the record, kind of amazing for someone who's 23, is a six which is the highest criminal category that one can be.  A range of punishment for your -- for what I'm sentencing you for is up to ten years. The guideline provision range is 30 to 37 months.  A term of supervised release of up to three years.  Probation of one to five years, but you're not eligible for probation.  A fine of up to $250,000.  The guideline range is up to $55,000.  There is no restitution.  There is a one time special assessment of $100.

Mr. Luna, I'm going to invite you to speak in just a second, but I will tell you that you have what is, in this Court's opinion, sort of the worst combination of factors. You're a criminal history category six.  I've reviewed -- I reviewed your criminal history category, and what's troubling to me is not only are you a level six, but as recently as 2016 there was an allegation of injury to a family member, meaning a crime of violence.  In 2016, again another assault.  In 2016, a violation of a protective order which tells me you're not willing to comply with the law.  In 2017, an attempted assault again with a family member.  And then in 2017 you graduate to possession of a controlled substance of one gram or more.  At that time, you know, they discovered -- they recovered a 22-caliber pistol.  You were sentenced to, you know, eight

years imprisonment for that.  In 2017 unlawful carrying of a weapon, possession of a dangerous drug.  And 2017 another -- well, two more assaults and a theft of property.

So you've really -- I really can't find any part of your life where you haven't been dealing -- where we haven't been dealing with you acting in a manner that is frankly, you know, just very dangerous to the community.  You know, one of the elements that I have to take into consideration under 18 United States Code Section 3553 is to protect the public from further crimes of a defendant, and I don't really see a -- any hiatus in your life where you haven't been committing crimes that were of a violent nature or involving drugs.

So you start off with an uphill -- on an uphill road with me in -- in telling me what I should do, but I invite you to do so.

THE DEFENDANT:  First of all, I'd just like to thank God for waking us up all today.  I don't -- I don't really have a lot to say.  I don't have excuses, just explanations.  It's been rough since I turned 18.  Not an excuse.  Like I said, it's just my life, man.  I chose the wrong people to hang around with.  I chose the wrong path.  I've learned though. That's -- that's the key factor is I've learned what -- what right and wrong is.  I know it may not seem like that on paperwork, but due to the time I've been incarcerated since a kid, it's not the life I want to live anymore.  I'm still

young.  I still got a chance to turn things around, to just -- my life's in the hands of the courts.  I mean, I need help.

THE COURT:  Counsel?

MR. SIMMONS:  Yes, Your Honor.  Your Honor, as it relates to Mr. Luna, you're absolutely correct.  His criminal history, six, it's not a good criminal history.  To make excuses for it, I don't offer any other than to say that he started using drugs at a very young age.  I can't help but to believe that that's one of the things, that his mind wasn't developed.  You start mind-altering drugs, marijuana, things along those lines, and it's just not a good combination.

Also, he just never had any meaningful employment. Also -- and I know you reviewed the presentence report about the death of the father.  Again, I don't make these excuses for him.  I just kind of look at his total story.  Using drugs at a young age, you know, as he indicates, around the wrong individuals.  But it's more than that.  It's just bad choices. The fact that he lived this long with the choices that he's made, to be 23 years old.  As he indicates today, that is a blessing.  However, he does accept responsibility for his actions.  He is remorseful.  This mistake that he made is criminal and he's going to have to pay for that.

I would -- or we would respectfully request leniency.  And I will tell you, Your Honor, that my defense mind and heart would ask for something, you know -- normally I would ask for

the minimum; however, there comes an issue with credibility when you come from in front of this Court, that you do have to look at the protection of society.  But I will say that since I've been representing him, and I'm the only lawyer that's represented him on this matter and I represented him in a matter in Bell County, you know, I want to see him do well. He's a young man.  I believe if he can just get treatment, and I believe that's what his grandfather asked for in the letter, that if he can get some type of treatment, that goes a long way.  Meaningful employment or if he learns a skill.  He just needs to learn how to get high properly, if you will, and that's when he can see his hands and his mind manifest something that would make him a better person.

No issues with him as far as representation.  There's goodness in him.  It just doesn't display itself.  And we would ask that -- that if you give him time, that it be on the low end, if not the minimum.  Thank you.

MR. BLANTON:  Your Honor, staying in the guideline range, I think that 37 months would be appropriate.  You give him a 37 month sentence and he gets three years supervised release, that's six years where the Court is supervising.  I think that is appropriate to protect society as a whole, to get this gentleman needed help, counseling and takes into account his criminal history and behavior.  So that's what I'd recommend. Top of the guidelines, three years supervised release, and I

think that would be appropriate.

THE COURT:  Counsel, I'm going to put on the record that given the excessive violence of this defendant's history, I'm going to consider a variance upward.  I'm going to take a break at this time.  I will defer to you whether or not it's in your best -- I say this about you, because I -- you can meet with your -- obviously Mr. Luna's interests are paramount.  But if you would prefer for me to reset -- to set this for next week before Christmas, I'll do that.  If you want to wait till after Christmas, I can do that.  But I just -- and let me say this on the record.  I have broken for another hearing in cases and I've gone above the guidelines, I've come back and had people talk to me, and I have stayed within the guidelines.  I've not made up my mind, but I am very doubtful that I will think that a guideline range would adequately reflect this gentleman's criminal history and the factors of 3553.

So I will allow you to chat with Suzanne Miles and tell her when it is you'd like to reconvene for the sentencing.  But I want to make sure that Mr. -- you and Mr. Luna have adequate amount of time to meet with each other.  I mean, frankly, we could wrap this up today also, I mean, if his family's in from out of town or something.  I just want to make sure his rights are protected and that you explained to him what it is that I'm considering doing.  But I'll reset the hearing for whenever is best for you and Mr. Luna.

MR. SIMMONS:  Very well, Your Honor.

THE COURT:  Thank you very much.

(Hearing adjourned at 11:07 a.m.)

UNITED STATES DISTRICT COURT )

WESTERN DISTRICT OF TEXAS      )


     I, Kristie M. Davis, Official Court Reporter for the United States District Court, Western District of Texas, do certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

     I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

     Certified to by me this 18th day of February 2019.


                         */s/ Kristie M. Davis*
                         KRISTIE M. DAVIS
                         Official Court Reporter
                         800 Franklin Avenue, Suite 316
                         Waco, Texas 76701
                         (254) 340-6114
                         kmdaviscsr@yahoo.com