IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

UNITED STATES OF AMERICA       *
                               *
                               *
VS.                            * CRIMINAL ACTION NO. W-18-CR-144
                               *
DREW AVERY LUNA                *      January 17, 2019

BEFORE THE HONORABLE ALAN D ALBRIGHT, JUDGE PRESIDING
RESENTENCING PROCEEDINGS

APPEARANCES:

For the Government:           Christopher Blanton, Esq.
                              Assistant United States Attorney
                              PO Box 828
                              Waco, Texas 76701

For the Defendant:            Gregory K. Simmons, Esq.
                              100 E. Avenue C, Suite C
                              Killeen, Texas 76541

Court Reporter:               Kristie M. Davis
                              United States District Court
                              800 Franklin Ave, Ste 316
                              Waco, Texas 76701


     Proceedings recorded by mechanical stenography, transcript

produced by computer-aided transcription.

(January 17, 2019, 9:50 a.m.)

DEPUTY CLERK:  Resentencing in Criminal Action W-18-CR-144, Defendant No. 1, styled United States of America vs. Drew Avery Luna.

MR. BLANTON:  Chris Blanton for the United States Government, Your Honor.

MR. SIMMONS:  Good morning, Your Honor.  Greg Simmons for Mr. Luna.

THE COURT:  We've got to quit meeting like this.  No.  I'm kidding.

(Laughter)

(Defendant was sworn.)

THE COURT:  Mr. Luna, apparently we did not take up something that's important to you and to the Court when we were here last time with regard to what to do with regard to your state sentence; is that correct?

MR. SIMMONS:  That's correct, Judge.

THE COURT:  And that was my fault, Mr. Luna, for failing to ask your counsel about that.  Usually I do that, and -- but I'll admit when I do these sentencings, sometimes I just -- they -- they run together a little bit and I didn't think to do that in that case.  So I apologize for not asking about this and having your counsel help me out with what we ought to do.  So -- but I will hear from your counsel now with respect, Mr. -- to what Mr. Simmons thinks we ought to do.  And if

you'll help me with -- with where he's at in his state sentence.

MR. SIMMONS:  Your Honor, he was sentenced in state court to -- last year he was on parole.  He got eight years, and although he made parole on that particular charge and there was also a ten-year, we are asking that although he was on parole, that what he was sentenced just recently, we'd ask that that run concurrent with his --

THE COURT:  With the parole?

MR. SIMMONS:  Yes, Your Honor.

THE COURT:  Okay.  Do you have any objection to that, Counsel, for --

MR. BLANTON:  No, Your Honor.

THE COURT:  Okay.  I have no -- and you said no?

MR. BLANTON:  No, Your Honor.

THE COURT:  Okay.  Thank you.

I have absolutely no problem with that at all, but I think we needed to make it clear on -- I'm sorry to bring you back, Mr. Simmons, for that, but -- but I wanted to make that clear on the record that I will run that concurrently.

MR. SIMMONS:  Very well.

THE COURT:  Okay.

MR. SIMMONS:  Thank you, Your Honor.

THE COURT:  And, Mr. Luna, apparently I didn't do a good job with you either in making clear you understood what my

sentence was.  Do you understand I sentenced you to 60 months?

THE DEFENDANT:  Yes.

THE COURT:  And was the -- was your concern that -- am I correct that your concern was you thought that I had given you more time than that?

THE DEFENDANT:  No.  I was just -- I wanted to -- I didn't get a description on -- or I didn't understand why that you went above the guidelines.

THE COURT:  I thought I put that on the record pretty clearly.

Mr. Simmons, do you feel like I need to do it again?

MR. SIMMONS:  Your Honor, afterwards I took the time to speak with Mr. Luna.  I thought that I went over it pretty well with him as far as rehashing what you said in court and also that that was going to happen and also the fact that in the order that he was going to be afforded the opportunity to take a drug rehab course, and I was trying to tell him the benefits as far as what that would take off, plus time served.

THE COURT:  That can take up to a year off.

MR. SIMMONS:  Yes.  And then the time he had for credit. And so I was under the impression, if you really look at it, that although there was more time, because we had those other avenues, if we took advantage of that, we would actually come back to close to where we were within these guidelines.  So...

THE COURT:  And that was actually why I -- I jiggered all

that information in there to sort of get where I wanted to have for the ultimate time that -- Mr. Luna, that's -- we're talking about you like you're not here.  I apologize.

THE DEFENDANT:  No.

THE COURT:  Actually, the reason that I fashioned the sentence I did was to take all those factors into consideration and try and jigger a sentence that had the amount of time that I thought was appropriate, given the other opportunities you would have to take advantage of which I think would benefit you as well.  And so it was that -- if you're wondering why I did what I did, that is why I did what I did.

THE DEFENDANT:  Maybe it was just too much information to process at one time.

THE COURT:  I've only been doing this for four months and I am learning it as I go as well on -- on how all the parts of the machine work together and what you have to do to -- you know, things that help, things that don't.  And so I'm doing my best as well, Mr. Luna.  So...

Yes, sir?

MR. BLANTON:  Oh.  When you finish, Your Honor.

THE COURT:  No.  I'm done.

MR. BLANTON:  My -- my understanding and probation's understanding of the concurrent request would actually be the offense in Paragraph 37 of the PSR, which is an eight year imprisonment sentence --

THE COURT:  Right.

MR. BLANTON:  -- that is a controlled substance that is a related case.

THE COURT:  Yeah.  I didn't -- when I -- the reason I brought us back was, I didn't think it was for a parole.

MR. BLANTON:  Okay.

THE COURT:  I thought it was for an inactive case.

MR. BLANTON:  Yes.  And that's the -- the offense noted in Paragraph 37 as pointed out by the probation office.

THE COURT:  Okay.  Well, I'm glad that -- so does that change -- so does that change your position with regard to --

MR. BLANTON:  No, Your Honor.

THE COURT:  Okay.

MR. BLANTON:  It doesn't.  It's a related case and I have no -- no objection to the concurrent sentence.  I just want to make sure the record's correct so that we don't --

THE COURT:  Okay.  Very good.

MR. BLANTON:  -- have to do a third.

THE COURT:  Fourth.

MR. BLANTON:  Well, there we go.

THE COURT:  No.  I'm glad for -- no.  I had thought what I had heard was that we had not taken up something with regard to the other sentence in this case and therefore there would be a problem for BOP to figure out what I wanted to do.  And, yes. I want to make it clear that to the extent -- and I don't know

that I have any power over this.  I don't know that BOP doesn't make this decision, but -- but as far as I'm concerned, it can run concurrently.  And that's my intent.

Are you satisfied, Mr. Luna?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Thank you very much.

And, Mr. Simmons, thank you for being here.

MR. SIMMONS:  Thank you.

(Hearing adjourned at 9:56 a.m.)

UNITED STATES DISTRICT COURT )

WESTERN DISTRICT OF TEXAS    )


     I, Kristie M. Davis, Official Court Reporter for the United States District Court, Western District of Texas, do certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

     I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

     Certified to by me this 18th day of February 2019.


                              */s/ Kristie M. Davis*
                              KRISTIE M. DAVIS
                              Official Court Reporter
                              800 Franklin Avenue, Suite 316
                              Waco, Texas 76701
                              (254) 340-6114
                              kmdaviscsr@yahoo.com